THE PEOPLE *ex rel.* THE EDISON ELECTRIC ILLUMINAT-ING COMPANY OF NEW YORK, Appellant, *v.* EDWARD WEMPLE, as Comptroller, etc., Respondent.

*Court of Appeals, May 3, 1892.*

1. *Corporations. Taxes.*—No power is conferred upon the comptroller by chap. 542 of 1880, as amended by chap. 463 of 1889, or upon the court in reviewing his decision, to direct the refunding of any tax paid into the state treasury. All that the comptroller may do is to resettle the account and charge or credit to the corporation, as the case may require, the difference, if any, resulting from the revision, upon the current account.

2. *Same.*—Upon a review, the court can give no judgment that the comptroller could not have given when the application was before him.

Motion to amend remittitur so as to direct comptroller to pay back excess of taxes illegally assessed upon relator, with interest.

*Eugene H. Lewis,* for appellants.

*S. W. Rosendale,* attorney-general, for respondent.

O'BRIEN, J.—The remittitur should be amended so as to allow interest on the sum paid by the relator from the time of such payment, but there is no authority for a judgment directing the money to be refunded. Chapter 463 of the Laws of 1889 gives to corporations a new and important remedy. It permits them to apply to the comptroller for a revision of any tax levied upon them under the law providing for the taxation of certain corporations. They are not limited as to time within which the application is to be made. Any corporation that ever paid a tax under the law may now apply for a revision and re-adjustment. But the legislature did not confer power upon the comptroller or the courts to

direct the refunding of any tax paid into the treasury to the corporation that paid it.   There may be cases where it would be just and perhaps necessary to refund the money paid, but such cases are reserved for the action of the legislature itself. Taxes once paid into the treasury under this statute cannot be paid back without an appropriation.   All the comptroller is authorized to do in an application for revision and re-adjustment is to re-settle the account, and to charge or credit, as the case may require, the difference, if any, resulting from such revision " upon the current accounts " of the corporation filing the petition.   The courts are authorized to review the action of the comptroller, and to correct it when found erroneous upon the facts or the law.   But upon such review the court can give no judgment that the comptroller could not have given when the application was before him.   The party paying the tax and applying for a review, perhaps many years after, has no remedy except what the statute gives him.   The legislature never intended to clothe the comptroller with power to pay back to corporations taxes when he was of the opinion that they were illegally assessed.

It was supposed that justice would be done by permitting the comptroller to give the corporation credit upon its account.   This leaves the money collected in the treasury, but gives the corporation the benefit of any sum paid in excess of what might have been lawfully demanded by applying it upon future taxes.   It was assumed that the corporation would have such an account, and in this case it has.   This corporation has an account with the comptroller, because since 1889 it was liable to taxation.   In a case where there was no liability to taxation, and consequently could not be any account between the corporation and the comptroller, the legislature must carry out the decision of the court by making a proper appropriation of the money.   The motion, except as to the interest, must be denied.

All concur.